UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL J. BOGAN, JR.,

           Petitioner,

v.                              Case No. 3:06-cv-214-J-33JRK

WALTER A. MCNEIL,[1] et al.,

           Respondents.
_____

**ORDER**

**I. Status**

Petitioner Daniel J. Bogan, Jr., an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on March 2, 2006. Petitioner challenges a 2002 state court (Brevard County, Florida) judgment of conviction for two counts of driving under the influence resulting in serious bodily injury. He claims that the consecutive five-year sentences for counts one and two violate the double jeopardy clause of the Fifth Amendment.

Respondents have responded. See Respondents' Response to Petition (Doc. #11) (hereinafter Response). In support of their

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

contentions, they have submitted exhibits.[2]  Petitioner was given admonitions and a time frame to respond.  See Court's Order to Show Cause and Notice to Petitioner (Doc. #10).  Petitioner has responded.  See Petitioner's Reply Brief (Doc. #12) (hereinafter Reply).  This case is now ripe for review.

## II. Procedural History

On May 6, 1999, Petitioner was charged, by Information, with driving under the influence resulting in serious bodily injury to Pamela Finchman[3] (count one); driving under the influence resulting in serious bodily injury to William Kellett (count two); driving under the influence causing damage or injury to the property or person of William Kellett (count three); and driving under the influence (count four).  Ex. B at 89-90.  On April 1, 2002, Petitioner entered a plea of guilty.  Ex. A at 9-10.  Defense counsel and the prosecutor agreed that count four was a lesser included offense and thus merged into count three.  Id. at 4-5.  At the plea hearing, Petitioner affirmed that he believed that the plea was in his best interest.  Id. at 9.  Petitioner stated he was guilty because "I was drinking alcohol and then got behind the wheel and drove a car, which ended up in a bad accident."  Id. at 10.  He confirmed that individuals had serious bodily injury as a

---

[2] The Court will hereinafter refer to Respondents' exhibits, attached to their Response, as "Ex."

[3] Since the sentencing transcript reflects that the victim's name is Pamela Finchman, this Court will refer to her as such. Ex. B, Transcript of the Sentencing Hearing, at 9.

2

result of that accident. Id. After the State proffered the factual basis for the guilty plea, and the trial judge concluded that there was a factual basis for the guilty plea and found that Petitioner was alert, able and intelligent and was represented by competent counsel with whom the Petitioner was satisfied. Id. at 10-11. Further, the trial judge found that the plea was knowingly, freely and voluntarily entered and that the Petitioner believed that the plea was in his best interest. Id. at 11.

At the July 8, 2002, sentencing hearing, the court heard testimony from the victims and argument from counsel regarding the severity of the victims' injuries. Pamela Finchman testified that she was riding as a passenger on the back of a motorcycle when she was injured as a result of the crash caused by Petitioner Bogan. Ex. B, Transcript of the Sentencing Hearing (hereinafter Sentencing Tr.) at 9. She explained her spinal injury and disabilities as a result of the crash and stated she is confined to a wheelchair and will never walk again. Id. at 10-14. Further, William Robert Kellet testified that he was the driver of the motorcycle that he and Ms. Finchman were riding the night of the crash. Id. at 15. Mr. Kellet described his injuries, noting that he had a total hip replacement on his right side, has lower back pains and has significantly less mobility than before the accident. Id. at 15-21. Based on the testimony from the victims, the trial judge found that they had suffered serious bodily injury. Id. at 27-28.

The trial judge sentenced Petitioner to five years of incarceration for driving under the influence resulting in serious bodily injury to Ms. Finchman (count one) and five years of incarceration for driving under the influence resulting in serious bodily injury to Mr. Kellett (count two), to run consecutively to count one. Id. at 68-69. Petitioner was also sentenced to one year of probation for count three and to one year of probation for count four, with the probation on count three to run consecutively to the sentences on counts one and two and the probation on count four to run consecutively to the probation on count three. Ex. B at 186-95.

On appeal, Petitioner, through counsel, raised the following claim: the trial court erred in convicting Petitioner for driving under the influence in violation of double jeopardy. Ex. C. On August 22, 2003, the appellate court issued an opinion affirming the trial court, stating:

> Daniel Bogan appeals his judgments and sentences which were entered by the trial court after he pled guilty to the charges of driving under the influence causing serious bodily injury, driving under the influence causing damage or injury, and driving under the influence. Bogan alleges that these convictions violate double jeopardy. We affirm.
>
> Under rule 9.140(b) of the Florida Rules of Appellate Procedure, a defendant who pleads guilty has no right to file a direct appeal, except when he expressly reserves the right to appeal a prior dispositive order or when he raises matters as would invalidate the plea itself. Here, Bogan pled guilty to the charges

> and did not reserve his right to appeal any issue. Therefore, any direct appeal on his guilty plea must be based on one of the reasons enumerated in Florida Rules of Appellate Procedure 9.140(b)(2)(A)(ii). Bogan's argument based on double jeopardy is not a basis for a direct appeal because he failed to file a motion to withdraw his plea. Accordingly, we affirm without prejudice to Bogan's right to seek collateral relief in the trial court. *See Byrd v. State*, 419 So.2d 725 (Fla. 5th DCA 1982).

<u>Bogan v. State</u>, 852 So.2d 444 (Fla. 5th DCA 2003) (footnotes omitted), <u>dismissed</u>, 886 So.2d 226 (Fla. 2004); Ex. D.

On or about November 8, 2004, Petitioner filed a *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following grounds: (1) the plea was not voluntarily entered based on his understanding of the nature of the charges and the consequences; (2) Petitioner was given consecutive sentences for crimes that were committed during one criminal act; and (3) the trial court erred in scoring Mr. Kellet's injuries as severe instead of moderate or slight. Ex. E. Specifically, under ground two, he alleged that there was a single accident, which resulted in two injuries and the court should have imposed concurrent five-year sentences, not consecutive sentences. Ex. E. On May 4, 2005, the trial court denied the Rule 3.850 motion on the merits and further concluded that Petitioner's judgment and sentence with respect to count four should be amended to reflect that he was sentenced to one year probation, to run concurrently with the sentence for count three. Ex. F at 5.

On appeal, no briefs were filed. On June 28, 2005, the appellate court per curiam affirmed without issuing a written opinion. Ex. G. The mandate was issued on July 15, 2005. Id.

The Petition is timely filed within the one-year period of limitation. See 28 U.S.C. § 2244(d); Response at 2; Petition at 14; Reply at 4-5.

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034

(2004). Therefore, an evidentiary hearing will not be conducted by this Court.

## IV. Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review of state court adjudications:

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[4]

---

[4] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. at 1939 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

7

>application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of

Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).  See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).  Thus, to the extent that Petitioner's claim was adjudicated on the merits in the state courts, it must be evaluated under the new § 2254(d).

### V. Findings of Fact and Conclusions of Law

Petitioner contends that the consecutive five-year sentences for counts one and two violate the double jeopardy clause of the Fifth Amendment.  Specifically, he alleges:

> I[,] the Defendant[,] was adju[di]cated guilty of (4) counts of DUI.  Counts 1 [and] 2 were DUI with serious bodily injury.  Count 3 was DUI with property damage.  Count 4 was DUI (first offense).  All arising from a single criminal episode.  Defendant was sentenced to (5 x 2 consecutive).  Defendant contends that Congress did not intend to authorize multiple punishment for violations of the same statute, with no intent, no conspiracy and no duel objectives.  Th[e]refor[e,] the con[s]ecutive sentences are cumulative and a violation of constitutional rights under the 5th amendment.

Petition at 6.

As noted by the Respondents (Response at 3), Petitioner, on direct appeal, challenged the conviction of the misdemeanor driving under the influence offense (count four).  See Ex. C at 6.  Thereafter, Petitioner raised the claim now before this Court (the double jeopardy issue as to the serious bodily injury counts) in his Rule 3.850 motion, as ground two, which was denied on the

9

merits.  In adjudicating the claim on the merits, the trial court stated:

> Under Ground Two of his motion, the Defendant claims his consecutive sentences on Counts I and II are illegal, as the crimes for which he was sentenced arose from a single criminal episode.  In his motion, the Defendant cites to Stanley v. State, 633 So.2d 1156 (Fla. 5th DCA 1994).  In Stanley, the defendant was convicted of two counts of solicitation to commit robbery with a firearm, and one count of robbery with a firearm.  Stanley was sentenced as a habitual violent felony offender to life with a minimum mandatory term of fifteen years for the robbery, and to ten years with a minimum mandatory five year term for each of the solicitation counts, with all the sentences to be served consecutively.  The two solicitation counts were committed at the same time and place.  The court found the two solicitation counts constituted one criminal episode, and therefore consecutive mandatory terms were prohibited.  However, the Stanley case is not applicable here, as the Defendant was not sentenced as a habitual felony offender, a habitual violent felony offender, or a prison releasee reoffender, and the Defendant did not receive minimum mandatory sentences.
>
> Furthermore,"multiple punishments imposed upon convictions for separate offenses arising out of one criminal episode have been approved by the United States Supreme Court . . . ." See Kelso v. State[,] 30 Fla. L. Weekly D667 (Fla. 5th DCA March 9, 2005) (citing Albernaz v. United States, 450 U.S. 333 (1981), Whalen v. United States, 445 U.S. 684 (1980), and Borges v. State, 415 So.2d 1265 (Fla. 1982)). Therefore, the Court finds this claim without merit.

Ex. F at 3.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[5]

Accordingly, the Petition will be denied and this case will be dismissed with prejudice.

---

[5] See State v. Lamoureux, 660 So.2d 1063 (Fla. 2nd DCA 1995) (holding that multiple convictions for DUI with serious bodily injury are permissible for injuries to multiple victims arising from a single driving episode), approved by, 679 So.2d 1184 (Fla. 1996) (approving the result in Lamoureux based on Melbourne v. State, 679 So.2d 759 (Fla. 1996)). The consecutive five-year sentences do not violate the double jeopardy clause of the Fifth Amendment.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 24th day of January, 2008.

sc 1/23
c:
Daniel J. Bogan, Jr.
Ass't Attorney General (Corrente)

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE